# COMMITTEE ON RULES OF EVIDENCE
# ADOPTION REPORT

## Amendment of Pa.R.E. 803(3)

On November 18, 2021, the Supreme Court amended Pennsylvania Rule of Evidence 803(3) concerning the hearsay exception for a statement of the declarant's then-existing mental, emotional, or physical condition.  The Committee on Rules of Evidence has prepared this Adoption Report describing the rulemaking process.  An Adoption Report should not be confused with Comments to the rules.  *See* Pa.R.J.A. 103, Comment.  The statements contained herein are those of the Committee, not the Court.

In *Commonwealth v. Fitzpatrick*, 255 A.3d 452 (Pa. 2021), a victim left a note stating: "If something happens to me - JOE."  The following day, the victim died in an ATV accident where her husband, Joe, was a passenger.  The husband was charged with the victim's murder and the note was admitted into evidence for substantive purposes, *i.e.*, the truth of the matter, at the husband's trial pursuant to Pa.R.E. 803(3).

While the Court held that the portion of the note that evidenced the victim's state of mind qualified under the Pa.R.E. 803(3) hearsay exception, the note was nonetheless inadmissible because it also identified the defendant and implicated the defendant's state of mind.  Preceding this holding, the Court stated:

> [T]hat our cases concerning state of mind evidence have been inconsistent, which undoubtedly has caused some confusion for the bench and bar in this complex area of evidentiary law.  Thus, to ensure clarity going forward, we set forth the general inquiry courts must undertake when contemplating the admissibility of out-of-court statements proffered to the court for admission as state of mind evidence.

*Fitzpatrick,* 255 A.3d at 479 (internal citation omitted).  The general inquiry is set forth on pages 479-480 of the reported decision.  The Committee believes it would be helpful to the bench and bar, as well as clear up the observed inconsistency in the prior application of this exception, if the Comment to Pa.R.E. 803(3) was amended to add reference to *Fitzpatrick*.

The following commentary has been removed from Pa.R.E. 803:

**Note:** Adopted May 8, 1998, effective October 1, 1998; Comment revised March 23, 1999, effective immediately; Comment revised March 10, 2000, effective immediately; Comment revised May 16, 2001, effective July 1,

2001; amended November 2, 2001, effective January 1, 2002; rescinded and replaced January 17, 2013, effective March 18, 2013; amended November 9, 2016, effective January 1, 2017; amended October 25, 2018, effective December 1, 2018.

*Committee Explanatory Reports:*

Final Report explaining the March 23, 1999 technical revisions to the Comment for paragraph 25 published with the Court's Order at 29 Pa.B. 1714 (April 3, 1999). Final Report explaining the March 10, 2000 revision of the Comment for paragraph 25 published with the Court's Order at 30 Pa.B. 1641 (March 25, 2000). Final Report explaining the May 16, 2001 revision of the Comment for paragraph 18 published with the Court's Order at 31 Pa.B. 2789 (June 2, 2001). Final Report explaining the November 2, 2001 amendments to paragraph 6 published with the Court's Order at 31 Pa.B. 6384 (November 24, 2001). Final Report explaining the January 17, 2013 rescission and replacement published with the Court's Order at 43 Pa.B. 620 (February 2, 2013). Final Report explaining the November 9, 2016 amendments to paragraph 6, 8, 10, and revision of the Comment for paragraph 7 and 9 published with the Court's Order at 46 Pa.B. 7436 (November 26, 2016). Final Report explaining the October 24, 2018 amendments to paragraph 1 and 2 published with the Court's Order at 48 Pa.B. 7111 (November 10, 2018).

\*　　\*　　\*

This amendment becomes effective January 1, 2022.